**Edgar JOHNSON, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 94–CO–509.**

District of Columbia Court of Appeals.

Sept. 8, 1994.

Before WAGNER *, Chief Judge, and FERREN, TERRY, STEADMAN, SCHWELB, FARRELL, KING, and SULLIVAN, Associate Judges.

**ORDER**

PER CURIAM.

On consideration of appellant's petition for rehearing en banc, the opposition thereto,

---

* Judge Wagner was an Associate Judge of this court at the time of decision. Her status changed to Chief Judge on June 14, 1994.

appellee's letter, and appellant's statement regarding current detention status; and it appearing that no judge of this court has called for a vote on the petition for rehearing en banc, it is

ORDERED that the petition for rehearing en banc is denied.

Statement of Associate Judge FARRELL, with whom Chief Judge WAGNER and Associate Judges FERREN, TERRY, STEADMAN, SCHWELB, KING and SULLIVAN join, in voting to deny rehearing en banc.

■ Appellant contends that for years this court has been violating D.C.Code § 11–946 (1989) by granting requests from the Superior Court for a stay of the effective date of promulgated changes in the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. (At issue in this case are a bundle of changes of both sets of federal rules, including changes to Fed. R.Crim.P. 26.2(g) and 46(i) that might potentially have affected appellant's pretrial detention). If indeed the court were acting *ultra vires* in granting these stays, the practice would unmistakably present an issue of exceptional and recurring importance necessitating *en banc* consideration. D.C.App.R. 40(e)(2) (1993). But appellant's argument rests upon an unduly restrictive interpretation of § 11–946.[1] That statute makes clear that this court possesses the ultimate authority to approve or reject proposed Superior Court rules that modify existing federal rules of procedure. Appellant reads this authority as limited to approval or rejection of rules modifying the *content* of the federal rules; the Superior Court may not recommend, nor this court approve, an interim administrative rule modifying the *effective date* of a new federal rule in Superior Court. But Congress' grant of authority to this court to reject outright the application of federal rule changes to Superior Court must sensibly include the lesser power to stay the effectiveness of those rules to give the deliberative processes of both the trial and appellate courts time to work. Otherwise the temptation would be for this court to reject many such rule changes automatically before their effective date, only—as often happens—to adopt them after deliberation by the Superior Court and this court. Appellant's alternative suggestion that the local courts monitor *proposed* changes to the federal rules and be ready to act on them dispositively (assuming their federal adoption) before their effective date is a potentially wasteful exercise which the statute does not require.

■ At the same time, it would indeed be contrary to the statute if this court were routinely, without adequate justification, to grant stays of the duration (one year) requested in this case. Appellant makes a persuasive argument that an important right of augmented discovery at pretrial detention hearings is "on hold" and unavailable to Superior Court defendants (unlike their federal counterparts) without any indication that the right has emerged as problematical for the Superior Court rulemakers. It may therefore be that this court should supervise more closely the progress of review of rule changes by the trial court (and its advisory committee), requiring more particularized stay requests tied to consideration of individual rules.

---

1. § 11–946 provides:

 The Superior Court shall conduct its business according to the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure (except as otherwise provided in title 23) unless it prescribes or adopts rules which modify those Rules. Rules which modify the Federal Rules shall be submitted for the approval of the District of Columbia Court of Appeals, and they shall not take effect until approved by that court. The Superior Court may adopt and enforce other rules as it may deem necessary without the approval of the District of Columbia Court of Appeals if such rules do not modify the Federal Rules. The Superior Court may appoint a committee of lawyers to advise it in the performance of its duties under the section.